**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
MARIO MIRABAL, :
:
              Plaintiff, :      25-cv-7418 (LJL) (OTW)
:       25-cv-7419 (LJL) (OTW)
     -against- :      25-cv-7423 (LJL) (OTW)
:
DEUTSCHE BANK NATIONAL TRUST COMPANY :      **TRANSFER ORDER**
et al., :
:
              Defendants. :
------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

Plaintiff brings these *pro se* actions challenging foreclosure proceedings over his real property in Florida. On November 7, 2025, I issued an Order to Show Cause why these related three cases should not be transferred to the Southern District of Florida, where the property is located. On November 12, 2025, Plaintiff filed a response to my Order to Show Cause[1]. (25-cv-7418; ECF 17). For the following reasons, the Court transfers the three cases pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of Florida.

    I.      **BACKGROUND**

On September 8, 2025, Plaintiff Mario Mirabal filed three separate complaints against various Defendants. Plaintiff brought the first action under 42 U.S.C. § 1983, alleging violation of his rights under the First, Fifth, and Fourteenth Amendments, seeking relief in this court from enforcement of a Florida state court foreclosure judgment. (25-cv-7418-LJL-OTW; ECF 1 at 3)("Complaint 1"). The second action alleges a violation under 18 U.S.C. §§ 1962(c) and 1962(d)

---

[1] The name of the document uploaded to ECF is "my stern fake assignment.pdf."

for civil RICO violations, claiming racketeering activity to "seize and retain" Plaintiff's property interest through the Florida state court foreclosure proceeding. (25-cv-7419-LJL-OTW; ECF 1 at 3)("Complaint 2"). The third action was brought to "collaterally attack a foreclosure judgment entered in Miami-Dade County, Florida." (25-cv-7423-LJL-OTW; ECF 1 at 5)("Complaint 3").

On the face of the pleadings, it appears that on March 5, 2020, Plaintiff's real property was foreclosed under the state foreclosure proceeding Case No. 2018-018704-CA-01. (25-cv-7418; ECF 1 at 11). Plaintiff now seeks "independent [Southern District of New York] protection to prevent [Florida] state enforcement..." *Id.* at 12.

In all three Complaints, venue is predicated on Deutsche Bank National Trust Company's headquarters in this District, and Plaintiff's conclusory allegation that a securitization trust was administered here. (Complaint 1 at 6; Complaint 2 at 4; Complaint 3 at 6). Plaintiff also claims, in conclusory fashion, that "key assignment and enforcement decisions" occurred here, despite the underlying state court proceedings all occurring in Florida. *Id.* There are no facts put forth that demonstrate an execution of a securitization trust related or concerning Plaintiff's property that took place in New York.

Across Complaint 1, Complaint 2, and Complaint 3, most defendants appear in all three filings. The overlapping defendants include: Deutsche Bank National Trust Company, PHH Mortgage Corporation, KP Investments Miami, LLC, Law Offices of Adorno & Cunill, John Cunill, Esq., Amarilis/Amarillis Adorno, Esq., Kenneth Damas, Esq., Damas Law, Greenberg Traurig LLP, Ari Newman, Esq., Beth A. Norrow/Narrow, Esq., Quintairos, Prieto, Wood & Boyer, P.A., Brock & Scott PLLC, Matthew Marks, Esq., Mehwish A. Yousef/Yousuf, Esq., and various title agents or

closers. With the exception of Deutsche Bank National Trust Company and PHH Mortgage Corporation, all of these defendants are located in Florida. (25-cv-7423; ECF 13).

Complaint 1 contains no defendants that are entirely unique to it; all Defendants named in Complaint 1 appear again in Complaint 2 or Complaint 3. Complaint 2 adds one defendant not found in the other complaints: the Law Offices of David J. Stern, P.A., located in Florida. Complaint 3 includes the only additional parties: the Eleventh Judicial Circuit Court Clerk, the Sheriff of Miami-Dade County, and a more detailed description of Deutsche Bank as trustee for a specific IndyMac mortgage loan trust. (Complaint 3).

**II.   DISCUSSION**
   A. Applicable Law
      1. Venue

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

   2. Transfer under 28 U.S.C. § 1404(a)

3

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

In his response to my Order to Show Cause, Plaintiff puts forth six reasons why this case should not be transferred: (1) "Plaintiff's choice of forum and federal interests rooted in the SDNY"; (2) "Convenience of witnesses and evidence"; (3) "Interests of justice and procedural Integrity"; (4) "Judicial economy and institutional competence"; (5) "Federal coordination with the Department of Justice and Securities and Exchange Commission Oversight"; and (6) "Post-receivership assignments demonstrate ongoing fraud and Florida's institutional non-intervention". (25-cv-7418; ECF 17 at 2). In addition to his response to my Order to Show Cause, Plaintiff has also filed several additional documents entitled, "Notice of related supplemental

filings and incorporation by reference," "Supplemental notice of structural fraud, void conveyance, and jurisdictional conflict," identically named filings in the second related case, "Notice of bankruptcy filing and request for protective oversight," "Notice of unexecuted marshal service and supplement to motion for preliminary injunction," "Supplemental notice of procedural conflict in parallel bankruptcy proceeding," "Supplement to motion for preliminary injunction and notice of continued state-court enforcement activity," and "Notice of continued judicial conflict in parallel bankruptcy proceedings and risk of interference with federal jurisdiction". (25-cv-7418 at ECF Nos. 16, 18; 25-cv-7419 at ECF Nos. 13, 15; 25-cv-7423 at ECF Nos. 25-30). I will construe these filings to also be responses to my Order to Show Cause, and my venue analysis of the factors under § 1404(a)[2].

### B. Factors under 28 U.S.C. § 1404(a)

#### 1. The convenience of witnesses

The convenience of both party and non-party witnesses is probably considered the single most important factor in the analysis of whether a transfer should be granted. *Howard v. Four Seasons Hotels,* 1997 WL 107633 at *2; *see also, e.g., Raines v. Switch Mfg. Corp.,* 1996 WL 413720 at *2 (the "convenience of the party and non-party witnesses is particularly important.").

Plaintiff makes conclusory statements stating that "key witnesses" to his actions, including the current and former Deutsche Bank trust administrators, PHH Mortgage servicing

---

[2] A court is "obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). Therefore, this Court must interpret Plaintiff's submissions "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal citations omitted).

executives, and employees of Greenberg Traurig's New York branch are located in New York. (25-cv-7418; ECF 17 at 8). The Court has no reason to believe that these executives and New York based employees are witnesses to the claims in this case, and if they were in New York, that they would be required to be deposed or testify. Because there are no witnesses that the Court plausibly believes would be convenienced by retaining venue here, this factor weighs in favor of a transfer.

2.  *The convenience of the parties*

A numerical majority of the named Defendants, none of whom have been served, appear to be located in Miami. (*See, e.g.*, 25-cv-7423; ECF 13) (requests for United States Marshals Service on 15 defendants, 13 of which list Florida addresses for service[3]). Thirteen of the fifteen named Defendants in Complaint 1 are located in Florida. (25-cv-7418 at ECF 1). Fourteen of the sixteen named Defendants in Complaint 2 are located in Florida. (25-cv-7419 at ECF 1). Thirteen of the fifteen named Defendants in Complaint 3 are located in Florida. (25-cv-7423 at ECF 13). The address provided for effectuating service on one of the purported New York based Defendants, Greenberg Traurig, is also in Florida. *Id.* at 11. It is unclear whether there is even personal jurisdiction in the Southern District of New York for these Defendants. In his response, Plaintiff does not claim that this venue provides any convenience to his judicial participation. Indeed, he claims that he intends to participate via video conference. *Id.* at 9.

---

[3] The remaining two defendants are Deutsche Bank and PHH Mortgage, which list addresses for service in New York and New Jersey, respectively. *Id.* There is no suggestion from Plaintiff's filings that these two defendants would not be subject to personal jurisdiction in Florida.

6

Since Plaintiff is also a Florida resident, this Court finds that convenience of the parties weighs heavily in favor of a transfer.

### 3. The locus of operative facts

Across all three Complaints, Plaintiff is seeking some sort of relief from his state court foreclosure proceeding concerning real estate in Florida. The state court is in the Southern District of Florida, and the relief sought suggests these claims are best adjudicated there. Plaintiff alleges, without facts, that "New York is the epicenter of the underlying securitization scheme." (25-cv-7418; ECF 17 at 6). Additionally, Plaintiff believes venue is proper in the Southern District of New York because the "misconduct" that occurred here is supposedly similar to *United States v. Deutsche Bank AG et al.*, a case against a parent company of Deutsche Bank National Trust Company, Defendant in this case[4]. The Court is not persuaded by these statements and must conclude that substantially all of the facts in this case occurred in Florida. The locus of operative facts weighs in favor of a transfer.

### 4. The availability of process to compel the attendance of the unwilling witnesses

All of the named Defendants appear to be subject to personal jurisdiction in the Southern District of Florida and therefore would be subject to subpoena power there. Process exists to compel their participation in proceedings there. *See* Federal Rules of Civil Procedure 45. Most importantly, if any of those witnesses chose not to appear or otherwise cooperate in the litigation here, they could not be directed to do so by this Court, as they are likely to be

---

[4] *See* 11-cv-02976-LAK. This case was closed on May 10, 2012. There are no parties in common with the instant cases.

7

beyond the reach of this Court's subpoena power to compel depositions or testify at trial. This factor weighs heavily in favor of a transfer.

> 5. *The location of relevant documents and the relative ease of access to sources of proof*

While Plaintiff alleges that documentary evidence is housed or otherwise accessible in the Southern District of New York, those documents are equally available in Florida. (25-cv-7418; ECF 17 at 8). There is no suggestion that there exist any documents exclusively accessible here. Indeed, Defendants KP Investments Miami, LLC, Law Offices of Adorno & Cunill, John Cunill, Esq., Amarilis/Amarillis Adorno, Esq., Kenneth Damas, Esq., Damas Law, Greenberg Traurig LLP, Ari Newman, Esq., Beth A. Norrow/Narrow, Esq., Quintairos, Prieto, Wood & Boyer, P.A., Brock & Scott PLLC, Matthew Marks, Esq., Mehwish A. Yousef/Yousuf, Esq. likely have documents exclusively available at their Florida offices as they appear to have no New York presence whatsoever. The location of these witnesses' documents weighs in favor of transfer.

> 6. *The relative means of the parties*

Considering the relative means of the parties is an integral aspect of assessing the convenience of the parties. *Geiger v. E.I. DuPont Nemours & Co.,* No. 96 CIV. 2757(LAP), 1997 WL 83291, at *5 (S.D.N.Y. Feb. 27, 1997). Plaintiff, a Florida resident, has sought *in forma pauperis* status in all three cases. (25-cv-7418-LJL-OTW at ECF 7; 25-cv-7419-LJL-OTW at ECF 6; 25-cv-7423-LJL-OTW at ECF 10). Contrary to Plaintiff's assertions, most Southern District of New York cases and proceedings are held in person, and it is within an individual Judge's discretion to conduct any proceedings remotely. It is likely that mandatory in-person appearances in three

separate Southern District of New York cases will create a financial hardship for him and the majority of the Defendants. Therefore, the convenience of the parties tips the balance in favor of a transfer.

### 7. The forum's familiarity with the governing law

The Court finds no plausible basis for Plaintiff's assertion that anything other than Florida law would govern claims arising from a Florida foreclosure proceeding. The Southern District of Florida, being located in Florida, would have more familiarity with Florida law than a court sitting in New York. If federal civil RICO statutes or other federal violations were implicated, there is no suggestion whatsoever that the Southern District of Florida did not have the same familiarity with any federal law that would apply. This factor therefore weighs decidedly in favor of transfer.

### 8. The weight accorded to the plaintiff's choice of forum

A plaintiff's choice of forum is generally given substantial weight. *Geiger v. DuPont,* 1997 WL 83291 at *5 (quoting *D'Anton Jos, S.L. v. Doll Factory, Inc.,* 937 F.Supp. 320, 323 (S.D.N.Y.1996)). However, when the connection between the forum and the facts and issues in the case is minimal, the "court need not give great weight to Plaintiff's choice of forum." *Anadigics, Inc. v. Raytheon Co.,* 903 F.Supp. 615, 617 (S.D.N.Y.1995); *see also, e.g., D'Anton v. Doll Factory,* 937 F.Supp. at 323; *Dr. Boy v. Nationwide Ins.,* 1996 WL 350699 at *3; *Bordiga v. Directors Guild of America,* 159 F.R.D. 457, 462–63 (S.D.N.Y.1995).

Here, Plaintiff resides in Miami; he alleges that any constitutional violations occurred in Miami; and the real property at the heart of the dispute is located in Miami. In short, the Southern District of New York has no meaningful connection whatsoever to this action. Under these circumstances, Plaintiff's choice of forum is entitled to little, if any, weight.

9. *Trial efficiency*

Plaintiff contends that the Southern District of New York is the more efficient forum because this Court purportedly has 'access to federal agencies' and some supposed institutional familiarity because Defendant Deutsche Bank's parent company was a defendant in a case almost fifteen years ago. (25-cv-7418; ECF 17 at 14–15.) It is inconceivable, however, that Defendant Deutsche Bank has never been a party to proceedings in the Southern District of Florida.

At bottom, Plaintiff's claim of a 'record of judicial conflict' appears to amount to little more than the view that, having repeatedly failed to obtain relief in Florida on the same facts, he should now be permitted to start anew in a different court[5]. *Id.* at 15. This is the opposite of

---

[5] *Deutsche Bank National Trust Co. v. Mirabal*, Case No. 2018-018704-CA-01; *KP Investments Miami, LLC v. Mirabal*, Case No. 2022-004706-CA-Ol; *KP Investments Miami, LLC v. Mirabal*, Case No. 2024-022769-CA-01; *In re: Mario Mirabal*, Case No. 23-20131-CLC; *Mirabal v. Deutsche Bank National Trust Co.*, Adv. Pro. No. 24-01418-CLC; *Mirabal v. KP Investments Miami, LLC*, Adv. Pro. No. 24-01419-CLC; *Mirabal v. Deutsche Bank National Trust Co.*, Case No. l:25-cv-20010-PCH; *Mirabal v. KP Investments Miami, LLC*, Case No. l:25-cv-20011-JEM; *KP Investments Miami, LLC v. Mirabal*, Case No. 1 :25-cv-20688-JEM*; Deutsche Bank National Trust Co. v. Mirabal*, Case No. 1 :25-cv-20746-JEM; *KP Investments Miami, LLC v. Mirabal*, Case No. l:25-cv-20747-JEM; Case No. 25-10858 - Appeal from l:25-cv-20688-JEM; Case No. 25-10862 - Appeal from l:25-cv-20747-JEM; Case No. 25-11120 - Mandamus from 1:25-cv-20747-JEM; Case No. 25-11254 - Mandamus from 1 :25-cv-20688-JEM; Case No. 25-11182 - Mandamus from l:25-cv-20746-JEM; Case No. 25-11183 - Mandamus from 1:25-cv-20010-PCH; Case No. 25-11752 - Emergency mandamus and procedural correction (1 :25-cv-20746-JEM); *Mirabal v. KP Investments Miami, LLC*, Case No. SC2025-1325. (25-cv-7418-LJL-OTW; ECF 1 at 16-18).

efficiency. There is simply no legitimate basis to assert that efficiency favors keeping this action in the Southern District of New York. This factor plainly does not support venue here.

*10. The interests of justice*

The interests of justice "relate[ ] primarily to issues of judicial economy." *Dostana Enterprises LLC v. Federal Express Corp.*, 00-cv-0747, 2000 WL 1170134, at *7 (S.D.N.Y. Aug. 16, 2000). Plaintiff also makes conclusory allegations that "Florida's pattern of procedural suppression and jurisdictional evasion weights decisively against transfer," and that the Eleventh Circuit "lack[s] impartial review," due to his losses in the Florida courts. (25-cv-7418; ECF 17 at 11-12). This history does not warrant starting over in another jurisdiction.

A transfer of this case would not cause any undue delay, as no Defendant has currently been served, a majority of whom are located in the Florida. Plaintiff has a long record of related judicial proceedings in various levels of the Florida court system[6]. The Court finds that this factor weighs in favor of a transfer.

### III.    CONCLUSION

Under Section 1404(a), transfer is appropriate in this case. The Southern District of Florida is a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Southern District of Florida. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad

---

[6] See supra note 5.

discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

The Clerk of Court is directed to transfer these related actions to the United States District Court for the Southern District of Florida. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: December 17, 2025  
New York, New York

/s/ Ona T. Wang  
**Ona T. Wang**  
United States Magistrate Judge